## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.  FACTORY DIRECT, INC., an<br>     Oklahoma corporation | ) <br> ) <br> ) | |
|          Plaintiff, | ) <br> ) | |
| v. | ) <br> ) | Case No. CIV-11-59-F |
| 1.  ANATOMIC GLOBAL, INC. d/b/a<br>     Ecomfort Mattresses, Inc., a California<br>     corporation; | ) <br> ) <br> ) | **JURY TRIAL DEMANDED**<br>**INJUNCTION REQUESTED** |
| 2.  ANATOMIC HOLDINGS, INC.,<br>     a Delaware corporation; | ) <br> ) | |
| 3.  ANATOMIC OPERATIONS, INC.,<br>     a Delaware corporation; | ) <br> ) | |
| 4.  FXI, INC., f/k/a  Foamex Innovations<br>     Operating Company, a Delaware<br>     corporation; and | ) <br> ) <br> ) | |
| 5.  DAVID L. FARLEY, an individual; | ) <br> ) | |
|          Defendants. | ) | |

## FIRST AMENDED COMPLAINT

Plaintiff, Factory Direct, Inc. ("Factory Direct"), for its Complaint against Defendants, Anatomic Global, Inc. d/b/a Ecomfort Mattresses, Inc. ("AGI"), Anatomic Holdings, Inc. ("AHI"), Anatomic Operations, Inc. ("AOI"), FXI, Inc. f/k/a Foamex Innovations Operating Company ("FXI"), and David L. Farley ("Farley") (collectively, "Defendants"), alleges and states as follows:

## PARTIES

1.     Factory Direct is an Oklahoma corporation with its principal place of business in Oklahoma City, Oklahoma.

2.      AGI is a California corporation with its principal place of business at 1241 Old Temescal Road, Corona, CA 92881.

3.      AHI is a recently formed Delaware corporation.

4.      AOI is a recently formed Delaware corporation.

5.      FXI is a Delaware corporation with its principal place of business at 1400 N. Providence Road, Suite 200, Media, PA 19063.

6.      Farley is a California citizen.

## JURISDICTION AND VENUE

7.      The matter in controversy herein exceeds the sum or value of $75,000.00, exclusive of interest and costs.

8.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121(a), 28 U.S.C. §§ 1331, 1332(a)(1), 1338 & 1367(a).

9.      AGI is doing business in Oklahoma.  This Court has personal jurisdiction over AGI by virtue of its numerous and substantial contacts with the State of Oklahoma.

10.     AHI is doing business in Oklahoma.  This Court has personal jurisdiction over AHI by virtue of its numerous and substantial contacts with the State of Oklahoma.

11.     AOI is doing business in Oklahoma. This Court has personal jurisdiction over AOI by virtue of its numerous and substantial contacts with the State of Oklahoma.

12.     FXI is doing business in Oklahoma. This Court has personal jurisdiction over FXI by virtue of its numerous and substantial contacts with the State of Oklahoma.

13.     Farley is doing business in Oklahoma. This Court has personal jurisdiction over Farley by virtue of his numerous and substantial contacts with the State of Oklahoma.

14.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and an applicable forum selection clause.

## STATEMENT OF FACTS

15.     Factory Direct adopted the mark ECO COMFORT (the "Mark") and used it in interstate commerce for Factory Direct's ECO COMFORT line of mattresses.   On January 24, 2008, Factory Direct filed an application for registration of the Mark in the United States Patent and Trademark Office (the "USPTO").   On April 21, 2009, the Mark was registered on the USPTO Principal Register covering use of the Mark on "sleep products, namely, mattresses, spring mattresses, box springs and mattress foundations." The USPTO Registration Number for the Mark is 3609893.   A copy of the Factory Direct's USPTO Trademark Registration for the Mark is attached hereto as Exhibit 1.

16.     Continuously since on or about March 1, 2008, Factory Direct has used its Mark to identify its ECO COMFORT line of mattresses and to distinguish them from those made and sold by others, by, among other things, prominently displaying the Mark on the respective mattresses, their containers and all other promotional materials associated therewith.   Said goods, containers and promotional materials have been distributed in the trade area where Defendants are doing business.   As a result of said sales and advertising by Factory Direct, the Mark has developed and has a secondary and

distinctive trademark meaning to purchasers in AGI's trade area.  The Mark has come to indicate to said purchasers a meaning originating only with Factory Direct's goods.

17.     Factory Direct offers its ECO COMFORT line of mattresses for sale in all fifty (50) states via retail locations, authorized sales representatives and the internet. Factory Direct's Mark is strong and distinctive, has long been used in connection with the goods on which it appears, has long been the subject of substantial advertising and promotion, has been used and advertised throughout the United States, is widely recognized by consumers and those in the trade, is in substantially exclusive use by Factory Direct and is federally registered, as alleged above.  Factory Direct's Mark is recognized by the general consuming public of the United States as a designation of source for the goods and commercial activities of Factory Direct and is therefore a famous mark.  Upon information and belief, the acts of Defendants alleged herein were commenced from a time after Factory Direct's Mark became famous.

18.     Factory Direct has expended and continues to expend significant amounts of time and money to advertise, offer for sale, and promote its products through its distinctive Mark in Oklahoma and in other states.

19.     Since on or about April 21, 2009, Factory Direct has given notice that its Mark is registered with the USPTO by displaying with the Mark as used the letter R enclosed within a circle.

20.     AGI has caused mattresses and sleep products to enter into interstate commerce with the unregistered designation and representation ECOMFORT (the "Infringing Mark") connected therewith.  AGI has infringed Factory Direct's Mark in

interstate commerce by various acts, including, but not limited to, using a telescoped version of the Infringing Mark that emphasizes and accentuates the ECO portion of the Infringing Mark.  An example of the Infringing Mark is attached hereto as Exhibit 2. Said use by AGI is a false designation of origin which is likely to cause confusion, to cause mistake and to deceive as to the affiliation, connection and/or association of AGI with Factory Direct and as to the origin, sponsorship, or approval of Factory Direct's ECO COMFORT line of mattresses.  Said use by AGI is without permission or authority of Factory Direct.

21.    On February 25, 2010, Factory Direct filed a lawsuit (the "First Lawsuit") in this Court against AGI alleging 1) violation of the Lanham Act – trademark infringement; 2) violation of the Lanham Act – false designation of origin; 3) violation of the Lanham Act – dilution; 4) common law, unfair competition and misappropriation; 5) unjust enrichment; 6) violation of the Oklahoma Deceptive Trade Practices Act.  The First Lawsuit's case number was CIV-10-192-F.

22.    On June 8, 2010 Factory Direct and AGI entered into a written settlement agreement (the "Settlement Agreement") regarding the First Lawsuit whereby AGI agreed, among other things, to cease all use of the Infringing Mark and to remove the Infringing Mark from all electronic advertisements and other marketing materials by August 1, 2010.   Factory Direct hereby incorporates the Settlement Agreement by reference.

23.    AGI has continued its use of the Infringing Mark in violation of the Settlement Agreement.

24.     AGI did not remove the Infringing Mark from electronic advertisements and other marketing materials pursuant to the Settlement Agreement.

25.     AGI has made defamatory misrepresentations to third-party mattress retailers regarding Factory Direct and its ECO COMFORT line of mattresses.

26.     Factory Direct has formally demanded in writing that AGI cease and desist from its acts of trademark infringement, breaches of the Settlement Agreement, tortious interference, deceptive trade practices and unfair competition, but AGI has refused to cease such acts.  *See* Exhibit 3; Exhibit 4.

27.     AGI's acts of trademark infringement, breaches of the Settlement Agreement, tortious interference, deceptive trade practices and unfair competition alleged herein have been committed with the intent to cause confusion, mistake and to deceive.

28.     Factory Direct initiated the above-captioned litigation against AGI on January 18, 2011.

29.     Farley is the chief executive officer, sole director and sole shareholder of AGI.

30.     On January 21, 2011, Farley initiated a personal bankruptcy proceeding in the United States Bankruptcy Court for the Central District of California (Riverside Division) (the "Bankruptcy Court"), Case No. 6:11-bk-12031-DS (the "Farley Bankruptcy").  Factory Direct hereby incorporates the pleadings filed in the Farley Bankruptcy by reference.

31.     AHI and AOI were formed in May 2011.

32.     AHI and AOI are wholly-owned subsidiaries of FXI.

6

33.     On or about May 2011, AGI and Farley transferred all or substantially all of AGI's assets (the "Asset Transfer") to FXI, AHI and/or AOI (collectively, "Successor Defendants") in conjunction with the Farley Bankruptcy.

34.     Factory Direct was not given notice of the Farley Bankruptcy or the Asset Transfer.

35.     AGI, Farley and Successor Defendants effectuated the Asset Transfer without giving proper notice to creditors in the Farley Bankruptcy.  *See* Doc. No. 47 in the Farley Bankruptcy.

36.     AGI, Farley and/or Successor Defendants issued press releases describing the Asset Transfer as a reorganization of AGI's corporate entity, with Farley to remain in control thereof.  *See* Exhibit 5.

37.     AGI did not receive reasonably equivalent consideration for the Asset Transfer.

38.     AGI was insolvent at the time of the Asset Transfer and/or became insolvent shortly after the Asset Transfer.

39.     Farley is now the chief executive officer of AHI and/or AOI, for which Farley receives compensation and benefits.  Furthermore, pursuant to the Asset Transfer, Farley also has the opportunity for an "earn-out" based on performance.

40.     AGI recently transferred its trademarks and goodwill to FXI, including AGI's interest in the "Anatomic Global" name and logo.  *See* Exhibit 6.

41.     Successor Defendants have assumed some, but not all, of AGI's liabilities.

42.     Successor Defendants are operating a continuation of AGI's corporate entity with its former assets, officer(s), management, personnel, location, facilities, name, logo, practices, policies, goodwill, product lines and public appearance.  *See* Exhibit 7.

43.     Prior to the Asset Transfer, AGI and Farley expressly threatened to transfer AGI's assets for the purpose of hindering, delaying and/or defrauding AGI's creditors.

44.     In the course of this litigation, AGI has taken the position that the Asset Transfer was a "voluntary foreclosure", and that Factory Direct's claims against AGI are effectively worthless because AGI is now "judgment-proof."  AGI has taken the same position with AGI's other creditors.  *See* Doc. No. 47 in the Farley Bankruptcy.

45.     In August 2011, Farley openly bragged that the Asset Transfer will prevent Factory Direct from any recovery in this litigation.

46.     Other creditors of AGI have challenged the validity and legality of the Asset Transfer and the Farley Bankruptcy.  *See* Doc. No. 47 in the Farley Bankruptcy.

## COUNT I
## VIOLATION OF LANHAM ACT-TRADEMARK INFRINGMENT

47.     Factory Direct incorporates by reference and restates all allegations contained in the preceding paragraphs.

48.     The acts of AGI alleged herein are in violation 15 U.S.C. § 1114(1) in that AGI's use of the Infringing Mark in commerce in connection with the sale, offering for sale, distribution or advertising of AGI's mattresses and sleep products is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or

association of AGI with Factory Direct and as to the origin, sponsorship and approval of AGI's goods, services and commercial activities by Factory Direct.

49.     AGI's acts in violation of 15 U.S.C. § 1114(1) have caused, and unless restrained by the Court, will continue to cause serious irreparable injury and damage to Factory Direct and to the goodwill associated with its Mark, including diversion of customers, lost sales and lost profits.

50.     AGI's acts in violation of 15 U.S.C. § 1114(1) were committed willfully and with the intent to cause confusion, mistake and to deceive.

51.     As a result of AGI's acts in violation of 15 U.S.C. § 1114(1), Factory Direct is entitled to the remedies provided in 15 U.S.C. §§ 116, 117 & 118.

52.     Factory Direct's remedy at law is not by itself adequate.

**COUNT II**
**VIOLATION OF LANHAM ACT-FALSE DESIGNATION OF ORIGIN**

53.     Factory Direct incorporates by reference and restates all allegations contained in the preceding paragraphs.

54.     The acts of AGI alleged herein are in violation 15 U.S.C. § 1125(a) in that AGI has used in connection with goods and services a false designation of origin, a false or misleading description and representation of fact which is likely to cause confusion, and to cause mistake, and to deceive as to the affiliation, connection or association of AGI with Factory Direct and as to the origin, sponsorship and approval of AGI's goods, services and commercial activities by Factory Direct.

55.     AGI's acts in violation of 15 U.S.C. § 1125(a) have caused, and unless restrained by the Court, will continue to cause serious irreparable injury and damage to Factory Direct and to the goodwill associated with its Mark, including diversion of customers, lost sales and lost profits.

56.     AGI's acts in violation of 15 U.S.C. § 1125(a) were committed willfully and with the intent to cause confusion, mistake and to deceive.

57.     As a result of AGI's acts in violation of 15 U.S.C. § 1125(a), Factory Direct is entitled to the remedies provided in 15 U.S.C. §§ 116, 117 & 118.

58.     Factory Direct's remedy at law is not by itself adequate.

## COUNT III
## VIOLATION OF LANHAM ACT-DILUTION

59.     Factory Direct incorporates by reference and restates all allegations contained in the preceding paragraphs.

60.     The acts of AGI alleged herein are in violation of 15 U.S.C. § 1125(c) in that they are likely to cause dilution by blurring and/or impairing the distinctiveness of Factory Direct's famous Mark, all to the irreparable injury to and damage of Factory Direct.  AGI's acts are also in violation of 15 U.S.C. § 1125(c) in that they are likely to cause dilution by tarnishment by harming the reputation of Factory Direct's famous Mark, all to the irreparable injury to and damage of Factory Direct.

61.     AGI's acts in violation of 15 U.S.C. § 1125(c) have caused, and unless restrained by the Court, will continue to cause serious irreparable injury and damage to

Factory Direct and to the goodwill associated with its Mark, including diversion of customers, lost sales and lost profits.

62.    AGI's acts in violation of 15 U.S.C. § 1125(c) were committed willfully and with the intent to create an association with Factory Direct's famous Mark.  AGI willfully intended to trade on the recognition of Factory Direct's famous Mark.  AGI willfully intended to harm the reputation of Factory Direct's famous Mark.

63.    As a result of AGI's acts in violation of 15 U.S.C. § 1125(c), Factory Direct is entitled to the remedies provided in 15 U.S.C. §§ 116, 117 & 118.

64.    Factory Direct's remedy at law is not by itself adequate.

## COUNT IV
## COMMON LAW, UNFAIR COMPETITION, AND MISAPPROPRIATION

65.    Factory Direct incorporates by reference and restates all allegations contained in the preceding paragraphs.

66.    The acts of AGI alleged herein constitute unfair competition and an infringement of Factory Direct's common-law rights regarding its Mark.

67.    AGI has infringed Factory Direct's Mark as alleged herein with the intent to deceive the public into believing that goods sold by AGI are made by, approved by, sponsored by or affiliated with Factory Direct.  AGI's acts as alleged herein were committed with the intent to pass off and palm off AGI's goods as the goods of Factory Direct, and with the intent to deceive and defraud the public.

68.    AGI's violations of Oklahoma common law have caused, and unless restrained by the Court, will continue to cause serious irreparable injury and damage to

Factory Direct and to the goodwill associated with its Mark, including diversion of customers, lost sales and lost profits.

69.     As a result of AGI's violations of Oklahoma common law, Factory Direct is entitled to actual, consequential, incidental and punitive damages pursuant to Oklahoma law.

70.     Factory Direct's remedy at law is not by itself adequate

## COUNT V
## COMMON LAW UNJUST ENRICHMENT

71.     Factory Direct incorporates by reference and restates all allegations contained in the preceding paragraphs.

72.     By the acts alleged herein, Defendants have been unjustly enriched and Factory Direct is entitled to just compensation under the common law of the State of Oklahoma.

73.     Defendants' unjust enrichment has caused, and unless restrained by the Court, will continue to cause serious irreparable injury and damage to Factory Direct.

74.     Factory Direct's remedy at law is not by itself adequate

## COUNT VI
## VIOLATION OF THE OKLAHOMA
## DECEPTIVE TRADE PRACTICES ACT

75.     Factory Direct incorporates by reference and restates all allegations contained in the preceding paragraphs.

76.     The acts of AGI alleged herein constitute deceptive trade practices under the Oklahoma Deceptive Trade Practices Act, 78 OKLA. STAT. §§ 51-56.

77.     AGI willfully engaged in the deceptive trade practices alleged herein.

78.     AGI's deceptive trade practices have caused, and unless restrained by the Court, will continue to cause serious irreparable injury and damage to Factory Direct and to the goodwill associated with its Mark, including diversion of customers, lost sales and lost profits.

79.     As a result of AGI's deceptive trade practices, Factory Direct is entitled to the legal and equitable remedies provided by 78 OKLA. STAT. § 54.

80.     Factory Direct's remedy at law is not by itself adequate.

**COUNT VII**
**TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS**

81.     Factory Direct incorporates by reference and restates all allegations contained in the preceding paragraphs.

82.     AGI has intentionally interfered with Factory Direct's business relationships with third-party mattress retailers by use of improper and unfair means.

83.     Factory Direct has been damaged by AGI's tortious interference with Factory Direct's business relationships.

84.     As a result of AGI's tortious interference, Factory Direct is entitled to actual, consequential, incidental and punitive damages pursuant to Oklahoma law.

**COUNT VIII**
**BREACH OF SETTLEMENT AGREEMENT**

85.     Factory Direct incorporates by reference and restates all allegations contained in the preceding paragraphs.

86.     AGI has continued its use of the Infringing Mark in violation of the Settlement Agreement.

87.     AGI did not remove the Infringing Mark from electronic advertisements and other marketing materials by August 1, 2010 as required by the Settlement Agreement.

88.     AGI's breaches of the Settlement Agreement have caused significant damage to Factory Direct.

89.     Factory Direct is entitled to specific performance of the Settlement Agreement, and actual, consequential and incidental damages for AGI's breaches thereof.

## COUNT IX
## FRAUD

90.     Factory Direct incorporates by reference and restates all allegations contained in the preceding paragraphs.

91.     As part of the Settlement Agreement, AGI made promises to Factory Direct without any intention of performing in accordance therewith.  AGI made said promises with the intent to fraudulently induce Factory Direct to enter into the Settlement Agreement and dismiss the First Lawsuit.

92.     Factory Direct has been damaged by its reasonable reliance upon AGI's fraudulent inducement.

93.     As a result of AGI's fraudulent inducement, Factory Direct is entitled to actual, consequential, incidental and punitive damages pursuant to Oklahoma law.

## COUNT X
## <u>SUCCESSOR LIABILITY</u>

94.     Factory Direct incorporates by reference and restates all allegations contained in the preceding paragraphs.

95.     The Asset Transfer consisted of all or substantially all of AGI's assets.

96.     AGI did not receive reasonably equivalent consideration for the Asset Transfer.

97.     AGI was insolvent at the time of the Asset Transfer and/or became insolvent shortly after the Asset Transfer.

98.     The Asset Transfer was effectuated for the purpose of placing AGI's assets outside the reach of Factory Direct and AGI's other creditors.

99.     Successor Defendants are operating a continuation of AGI's corporate entity with its former assets, officer(s), management, personnel, location, facilities, name, logo, practices, policies, goodwill, product lines and public appearance.

100.    Successor Defendants are a mere continuation of AGI.  The Asset Transfer to Successor Defendants is merely a change in form without a change in substance.

101.    Successor Defendants are liable for Factory Direct's claims against AGI herein.

## COUNT XI
## <u>FRAUDULENT TRANSFER OF ASSETS</u>

102.    Factory Direct incorporates by reference and restates all allegations contained in the preceding paragraphs.

103.   The Asset Transfer was made in conjunction with the Farley Bankruptcy to a corporation of which Farley is an officer.

104.   Farley, as chief executive officer of AHI and/or AOI, retained some control of AGI's assets after the Asset Transfer.

105.   Before the Asset Transfer was made, AGI and Farley had been sued by Factory Direct and other creditors.

106.   The Asset Transfer consisted of all or substantially all of AGI's assets.

107.   AGI, with the assistance of Farley and Successor Defendants, absconded to the benefit of AGI, Farley and Successor Defendants and to the detriment of Factory Direct and AGI's other creditors.

108.   AGI, Farley and Successor Defendants removed or concealed AGI's assets to the benefit of AGI, Farley and Successor Defendants and to the detriment of Factory Direct and AGI's other creditors.

109.   AGI did not receive reasonably equivalent consideration for the Asset Transfer.

110.   AGI was insolvent at the time of the Asset Transfer and/or became insolvent shortly after the Asset Transfer.

111.   The Asset Transfer occurred shortly before or shortly after AGI incurred one or more substantial debts or obligations.

112.   The Asset Transfer was fraudulent and made with the actual intent to hinder, delay and/or defraud Factory Direct and AGI's other creditors in violation of Oklahoma's Uniform Fraudulent Transfer Act, 24 OKLA. STAT. §§ 112-123.

16

113.    The Asset Transfer left AGI with assets insufficient to satisfy its obligations to Factory Direct and AGI's other creditors in violation of Oklahoma's Uniform Fraudulent Transfer Act, 24 OKLA. STAT. §§ 112-123.

114.    The Asset Transfer was fraudulent pursuant to 24 OKLA. STAT. § 117(A).

115.    Factory Direct's remedy at law is not by itself adequate

116.    As a result of the fraudulent Asset Transfer, Factory Direct is entitled to the remedies provided by 24 OKLA. STAT. § 119.

## COUNT XII
## CIVIL CONSPIRACY

117.    Factory Direct incorporates by reference and restates all allegations contained in the preceding paragraphs.

118.    AGI, Farley and Successor Defendants associated and agreed to commit the unlawful act of defrauding Factory Direct and AGI's other creditors by unlawful means.

119.    In furtherance of their agreement, AGI, Farley and Successor Defendants defrauded Factory Direct and AGI's other creditors by making misrepresentations to Factory Direct, AGI's other creditors, the Bankruptcy Court and the media.

120.    In furtherance of their agreement, AGI, Farley and Successor Defendants defrauded Factory Direct and AGI's other creditors by fraudulently transferring AGI's assets outside the reach of Factory Direct and AGI's other creditors.

121.    Factory Direct has been injured as a result of the unlawful conspiracy between AGI, Farley and Successor Defendants.

122.    As a result of the unlawful conspiracy between AGI, Farley and Successor Defendants, Factory Direct is entitled to actual, consequential, incidental and punitive damages pursuant to Oklahoma law.

### COUNT XIII
### ALTER EGO (FARLEY)

123.    Factory Direct incorporates by reference and restates all allegations contained in the preceding paragraphs.

124.    Farley is the chief executive officer, sole director and sole shareholder of AGI.

125.    AGI is a mere instrumentality, sham and/or adjunct of Farley.

126.    Farley has exerted complete domination and control over AGI from the date of incorporation until the present time.

127.    Farley and AGI have intermingled their financial affairs, using AGI's assets to avoid and resolve claims against Farley in conjunction with the Farley Bankruptcy.

128.    AGI is merely a design or scheme to defraud Factory Direct and AGI's other creditors.

129.    AGI is undercapitalized and insolvent.

130.    AGI is the alter ego of Farley.

131.    AGI's corporate veil should be disregarded, making Farley liable for Factory Direct's claims against AGI herein.

## COUNT XIV
## ALTER EGO (FXI)

132.   Factory Direct incorporates by reference and restates all allegations contained in the preceding paragraphs.

133.   AHI and AOI are wholly-owned subsidiaries of FXI.

134.   AHI and AOI are merely instrumentalities, shams and/or adjuncts of FXI.

135.   FXI has exerted domination and control over AHI and AOI from the date of incorporation until the present time.

136.   AHI and AOI are merely a design or scheme to defraud Factory Direct and AGI's other creditors.

137.   AHI and AOI are the alter egos of FXI.

138.   AOI and AHI's corporate veils should be disregarded, making FXI liable for Factory Direct's claims against AHI and AOI herein.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Factory Direct prays:

(a)   That this Court grant an injunction pursuant to the powers granted it under 15 U.S.C. § 1116, enjoining and restraining Defendants and their agents, servants and employees from directly or indirectly using the Infringing Mark or any other mark, word, or name similar to Factory Direct's Mark which is likely to cause confusion, mistake or to deceive.

(b)   That this Court, pursuant to the power granted it under 15 U.S.C. § 1118, order that all labels, signs, prints, goods, packages, wrappers, receptacles, and

advertisements in the possession of Defendants bearing the Infringing Mark and all plates, molds, matrices and other means of making the same, shall be delivered up and destroyed.

(c)     That this Court grant an injunction enjoining and restraining Defendants and their agents, servants and employees from (1) directly or indirectly using the Infringing Mark or any other mark, word or name similar to Factory Direct's Mark which is likely to cause confusion and (2) continuing any and all acts of unfair competition alleged herein.

(d)     That Defendants be required to account to Factory Direct for any and all profits derived by Defendants from the sale of its goods and for all damages sustained by Factory Direct by reason of AGI's infringement, breaches of the Settlement Agreement, tortious interference, unfair competition, unjust enrichment, fraud and deceptive trade practices complained of herein.

(e)     That this Court award Factory Direct Defendants' profits and damages pursuant to 15 U.S.C. § 1117(a).

(f)     That this Court award Factory Direct treble damages pursuant to 15 U.S.C. § 1117(b).

(g)     That this Court award Factory Direct actual, consequential, incidental and punitive damages.

(h)     That this Court award Factory Direct the remedies provided by 78 OKLA. STAT. § 54.

(i)      That this Court award Factory Direct the remedies provided by 24 OKLA.

STAT. § 119.

(j)      That this Court award Factory Direct its costs of this action.

(k)      That this Court disregard the corporate veils of AGI, AHI and AOI.

(l)      That this Court award Factory Direct attorney fees pursuant to 15 U.S.C. §

1117(a), 78 OKLA. STAT. § 54(c) and the terms of the Settlement Agreement.

(m)      That this Court grant such other and further relief as it deems just.

## JURY DEMAND

Factory Direct hereby demands a trial by jury on all issues so triable.


Respectfully submitted,

/s/David A. Elder
David A. Elder, OBA #20687
Derek B. Ensminger, OBA #22559
HARTZOG CONGER CASON & NEVILLE
201 Robert S. Kerr Avenue
1600 Bank of Oklahoma Plaza
Oklahoma City, OK 73102
Telephone:   (405) 235-7000
Facsimile:    (405) 996-3403
delder@hartzoglaw.com
densminger@hartzoglaw.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

       I hereby certify that on the 3rd day of November, 2011, I electronically transmitted the above document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of the court will transmit a Notice of Electronic Filing to the following ECF registrants:

G. David Ross
Michael A. Betts
LYTLE SOULE & CURLEE, P.C.
1200 Robinson Avenue
119 North Robinson Avenue
Oklahoma City, Oklahoma 73102
ross@lytlesoule.com
betts@lytlesoule.com

David A. Roodman
Mark B. Leadlove
Ameer Gado
BRYAN CAVE LLP
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
daroodman@bryancave.com
mbleadlove@bryancave.com
aagado@bryancave.com

**ATTORNEYS FOR DEFENDANT
ANATOMIC GLOBAL, INC.**

                   /s/David A. Elder
                   David A. Elder